

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| WILLIAM LEON BURNETT,<br>　　　　Petitioner,<br><br>vs.<br><br>STATE OF SOUTH CAROLINA,<br>　　　　Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 9:21-04014-MGL-MHC<br>§<br>§<br>§ |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITHOUT PREJUDICE
FOR LACK OF JURISDICTION**

Petitioner William Leon Burnett, (Burnett) filed this 28 U.S.C. § 2254 petition against Respondent State of South Carolina (SC). He is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting SC's motion for summary judgment be granted and Burnett's petition be dismissed without prejudice for lack of jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, o+r modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 21, 2022, but the Court failed to receive any objections from Burnett, even though it had granted him an extension of time to file them.  Thus, on December 14, 2022, the Court adopted the Report, granted SC's motion for summary judgment, and dismissed Burnett's petition without prejudice for lack of jurisdiction.

Nevertheless, Burnett subsequently filed objections to the Report, a motion to reopen the case, and a motion for reconsideration of the Court's December 14, 2022, Order.  He argues he actually mailed his objections on December 10, 2022, which is the date they were due to the Court.

In an abundance of caution, the Court has carefully considered Burnett's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

As per 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The problem with Burnett's petition is he had fully completed his state sentence when he filed his Section 2254 petition.  Consequently, because the Court is unable to say Burnett meets the "in custody" requirement of the statute, the Court must dismiss his petition.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Burnett's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court Burnett's motions to reopen and for reconsideration are **GRANTED**; SC's motion for summary judgment is **GRANTED**; and Burnett's petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

To the extent Burnett moves for a certificate of appealability, such request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 17th day of April, 2024, in Columbia, South Carolina.

/s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Burnett is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.